IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BENEDICT EMESOWUM,

    Plaintiff,

v.

    Civil No. 24-0360-BAH

NATIONAL SECURITY AGENCY, et al.,

    Defendants.

## MEMORANDUM OPINION

Plaintiff Benedict Emesowum brought suit against the National Security Agency ("NSA") and NSA employee Paula Gill (collectively "Defendants") alleging claims under the Freedom of Information Act. ECF 1. Pending before the Court is Defendants' motion to dismiss (the "Motion."). ECF 11. Plaintiff filed an opposition, ECF 13, and Defendants filed a reply, ECF 16. All filings include memoranda of law and all but Defendants' reply include exhibits.[1] In addition, Plaintiff has motioned for leave to file an additional surreply. ECF 18. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Defendants' motion to dismiss will be **GRANTED** in part and **DENIED** in part, and Plaintiff's motion for leave to file a surreply will be **DENIED** as moot.

## I. BACKGROUND

Plaintiff brings suit pursuant to the Freedom of Information Act ("FOIA"). On May 19, 2023, Plaintiff contacted the NSA "requesting documents and a video for a two-hour time period

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

that occurred on May 9, 2023." ECF 1, at 6. A copy of the FOIA request attached to the complaint[2] indicates that Plaintiff asked for "[v]ideo record of vehicles that arrived at the gate entrance [to the NSA's headquarters in Fort Meade, Maryland] and any/detentions arrests that occurred at that entrance" as well as documentation regarding "[t]he total number of tickets issued at all entrances to the [F]ort in the past 12 months" and "[t]he total number of rejections to entry that have occurred at all entrances for the past 12 months[.]" ECF 1-1, at 1.

In a letter dated June 23, 2023, the NSA informed Plaintiff that his request had been received and assigned a case number on June 6, 2023.[3] The letter also indicated that the NSA was managing a "large volume of requests" and so Plaintiff should expect "delays in processing" his submission. ECF 1-1, at 2. Plaintiff indicates that he wrote, emailed, and called the NSA about "fulfilling his FOIA request to no avail." ECF 1, at 6. On February 5, 2024, nearly eight months after the NSA had received his request, Plaintiff filed this lawsuit requesting "immediate[]" release of "all documents requested" as well as "[p]unitive damages exceeding $75,000 for [the NSA's] blatant obstruction." *Id.* at 7.

Defendants filed the pending motion to dismiss on April 26, 2024. *See* ECF 11. Defendants indicate that the NSA issued its final response to Plaintiff's FOIA request on April 12,

---

[2] In evaluating a motion to dismiss, the Court may consider "documents attached to the complaint, 'as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'" *Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019) (quoting *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). A document is "integral" when "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted). Here, the complaint specifically references Plaintiff's FOIA request and the NSA's response, documents which are at the heart of Plaintiff's claims. Accordingly, the Court cites directly from the copies of the original FOIA request and the NSA's initial response that Plaintiff appends to the complaint.

[3] Plaintiff's request was assigned case number 116488. ECF 1-1, at 2.

2

2024 and fully disclosed the information sought in two out of three items in the request. ECF 11-1, at 3. However, the NSA reports that it found "no responsive records" as to the requested video, despite a search. *Id.* Plaintiff does not dispute that the NSA has "partially completed the FOIA request" but alleges that the NSA's failure to "fully comply and produce" the video represents "an obstruction of justice and potentially tampering with evidence depending on the state of those videos." ECF 13, at 4. Defendants reply that they cannot produce the video because it was deleted within thirty days per standard protocol for federal agencies. ECF 16, at 2–3.

## II. LEGAL STANDARD

Defendants bring a Rule 12(b)(1) challenge to Plaintiff's complaint. Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a complaint for a lack of subject matter jurisdiction. "Rule 12(b)(1) governs motions to dismiss for mootness and for lack of standing, which pertain to subject matter jurisdiction." *Stone v. Trump*, 400 F. Supp. 3d 317, 333 (D. Md. 2019); *see also Pruitt v. Resurgent Cap. Servs.*, LP, 610 F. Supp. 3d 775, 779 (D. Md. 2022) (explaining that motions to dismiss for lack of standing are considered under Rule 12(b)(1)). A motion to dismiss under Rule 12(b)(1) may proceed as a facial challenge to jurisdiction if a defendant "contend[s] 'that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). Alternatively, "[w]here a motion to dismiss under Rule 12(b)(1) presents a factual," as opposed to a facial, "challenge to the court's jurisdiction, a court need not assume that all facts alleged in the complaint are true." *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 610 (D. Md. 2011).

Under a facial challenge, "[i]n determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."

3

*Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams*, 697 F.2d at 1219; *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987)). "If a defendant challenges the factual predicate of subject matter jurisdiction, '[a] trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations[.]'" *Kerns*, 585 F.3d at 192 (quoting *Adams*, 697 F.2d at 1219) (emphasis in *Kerns* omitted). In the event that parties "do not contest the facts relevant to the Court's analysis" but offer only competing legal conclusions, it is not necessary to conduct an evidentiary hearing. *Zander v. United States*, 843 F. Supp. 2d 598, 604 (D. Md. 2012); *see also Schneider v. Donaldson Funeral Home, P.A.*, 733 F. App'x 641, 644 (4th Cir. 2018).

## III. ANALYSIS

### A. Subject Matter Jurisdiction

FOIA empowers district courts to "enjoin an agency from withholding agency records and to order the publication of any agency records improperly withheld from the complainant." *Kissinger v. Reps. Comm'n for Freedom of the Press*, 445 U.S. 136, 139 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). Specifically, 5 U.S.C. § 552(a)(4)(B) vests federal district courts with subject matter jurisdiction when a plaintiff alleges that a federal agency "(1) improperly; (2) withheld; (3) agency records." *Id.* at 150 (internal quotation marks omitted). A federal district court may not "force an agency to comply with the FOIA's disclosure requirements" unless a plaintiff satisfies these three elements. *U.S. Dep't. of Just. v. Tax Analysts*, 492 U.S. 136, 142 (1989).

Defendants argue that Plaintiff's claims are mooted by the NSA's disclosure of "all of the requested information in its possession." ECF 11-1, at 5. Though Plaintiff responds that the case is not moot because his video request has not been fulfilled, ECF 13, at 3, Defendants aver in reply that the video was deleted within thirty days, which they further claim is routine procedure for

4

federal agencies, ECF 16, at 2. Defendants point out that the NSA received Plaintiff's FOIA request for the May 9, 2023 video footage on June 6, 2023, leaving "just two days to process the [ ] request, search for records, and save the video" before its scheduled deletion on June 8, 2023. *Id.* at 3. Defendants argue that "[t]wo days is not a realistic turnaround time" and further stress that the "response letter Plaintiff attached to his [c]omplaint shows that the [NSA] did not even acknowledge receipt of the request until June 23, 2023." *Id.* Defendants contend the case is now moot because "the reason the video record was not produced is that it does not exist" and "the Court cannot compel [NSA] to produce something that does not exist." *Id.*

"It is undisputed that a challenge to a particular denial of a FOIA request becomes moot if an agency produces the requested documents." *Reg'l Mgmt. Corp. v. Legal Servs. Corp.*, 186 F.3d 457, 465 (4th Cir. 1999) (citing *Payne Enter, Inc. v. United States*, 837 F.2d 486, 490–91 (D.C. Cir. 1988)). However, "an action is not moot simply because an agency has decided that its partial disclosures are enough." *Furrow v. Fed. Bureau of Prisons*, 420 F. App'x 607, 610 (7th Cir. 2011). Rather, "[a]n agency responding to a FOIA request" must show that it "conduct[ed] a search 'reasonably calculated to uncover all relevant documents[.]'" *Cochran v. Dep't of Homeland Sec.*, Civ. No. ELH-18-201, 2019 WL 1433014, at *5 (D. Md. Mar. 28, 2019) (quoting *Elliott v. U.S. Dep't of Agric.*, 596 F.3d 842, 851 (D.C. Cir. 2010)). "Courts should dismiss a FOIA action where the agency *demonstrated* that it did not withhold any records responsive to plaintiff's FOIA request." *Potomac Nav., Inc. v. U.S. Mar. Admin.*, Civ. No. WMN-09-217, 2009 WL 5030710, at *1 (D. Md. Dec. 15, 2009) (emphasis added). "The issue is not whether any further documents might conceivably exist but rather whether the government's search for responsive documents was adequate." *Perry v. Block*, 684 F.2d 121, 128 (D.C. Cir. 1982). Typically, the question of the adequacy of an agency's search for the requested records is resolved on a motion for summary

judgment, affording a district court the benefit of a review of material outside the pleadings. *Ahuruonye v. U.S. Dep't of Interior*, 239 F. Supp. 3d 136, 140 (D.D.C. 2017) (citing *Ortiz v. U.S. Dep't of Just.*, 67 F. Supp. 3d 109, 116 (D.D.C. 2014)).

At the motion to dismiss stage, the Court cannot, absent further evidence, simply accept Defendants' claim in its filing that the requested video does not exist. While other courts have converted motions to dismiss into motions for summary judgment, thus reaching the question of the adequacy of a government agency's FOIA search, they have only done so when more substantial record evidence is provided addressing the critical topic of the scope of FOIA compliance. *See Cochran*, 2019 WL 1433014, at *3 ("However, I cannot conclude that FEMA has complied with FOIA merely because it says so. Therefore, I will address the Motion [to dismiss] based on Fed. R. Civ. P. 56, because this will enable me to determine whether FEMA has complied with FOIA, as it alleges."); *see also Surgick v. Cirella*, No. 09-CV-3807, 2011 WL 2600650, at *4 (D.N.J. June 29, 2011) ("However, to accept [an agency's] representations [regarding nonexistence of records], the Court must consider evidence beyond the pleadings, specifically affidavits or declarations furnished by [agency] officials and other documentation regarding [p]laintiff's FOIA request."); *Looney v. Walters-Tucker*, 98 F. Supp. 2d 1, 3 (D.D.C. 2000), *aff'd sub nom. Looney v. F.D.I.C.*, 2 F. App'x 8 (D.C. Cir. 2001) ("The agency must establish through affidavits or declarations the adequacy of both its search methods (where and how it looked for responsive records) and the scope of its search (what it was looking for)."). Here, beyond its assertion that it cannot produce what is does not have, Defendants offer only a short letter to Plaintiff stating that "a search of [NSA] files was conducted but no responsive records were located." *See* ECF 11-2, at 1. A cursory claim to have conducted a search, without more, does not merit summary judgment. *See Weisberg v. U.S. Dep't of Just.*, 627 F.2d 365, 370 (D.C.

6

Cir. 1980) (finding a short affidavit noting that the government agency had conducted "a review of files" was insufficient because it gave "no detail as to the scope of the examination and thus [wa]s insufficient as a matter of law to establish its completeness"). Since Defendants have provided inadequate documentation to support their assertion that the video was routinely deleted before the NSA could practicably retrieve it, the Court cannot convert the motion to one for summary judgment. It is entirely plausible that Defendants' version of events did, in fact, occur, and Defendants may very well be able to offer proof of such. However, they have not done so at this time, and, in the absence of more fulsome evidence, the Court may not dismiss this case solely on the basis of Defendants' unsupported representations in their filings.[4]

### B. Availability of Damages

Defendants further argue that Plaintiff's complaint warrants dismissal because it asks for a remedy—i.e., punitive damages, *see* ECF 1, at 5—that is not available in FOIA actions. ECF 11-1, at 6. Plaintiff responds that FOIA authorizes district courts to assess "reasonable attorney fees and other litigation costs" against the United States and so extrapolates that he may still recover monetary damages. ECF 13, at 4 (citing 5 U.S.C. § 552(a)(4)(F)(i)); *see also* 5 U.S.C. § 552(a)(4)(E)(i) ("The court may assess against the United States reasonably attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.").

Defendants are correct that "monetary damages are not available under FOIA." *Smith v. Commc'ns Works of Am. (CWA)-Dist. 2*, No. 8:12-CV-00027-AW, 2012 WL 6727150, at *4 (D. Md. Dec. 26, 2012), *aff'd sub nom. Smith v. E.E.O.C.*, 517 F. App'x 159 (4th Cir. 2013) (first citing

---

[4] Assuming the assertions in Defendants' filings regarding the destruction of the video can be properly supported, Defendants could quickly move for summary judgment. See Fed. R. Civ. P. 56 (b) (noting that a party may move for summary judgment "at any time until 30 days after the close of all discovery").

7

5 U.S.C. § 552(a)(4)(B), then citing *Ross v. United States*, 460 F. Supp. 2d 139, 151 (D.D.C. 2006)). A plaintiff bringing suit under FOIA may collect neither punitive nor other monetary damages. *Eltayib v. U.S. Coast Guard*, 53 F. App'x 127, 127 (D.C. Cir. 2002). And pro se litigants who are not attorneys are "not entitled to an award of attorneys' fees under FOIA." *Id.* at 127–28 (citing *Benavides v. Bureau of Prisons*, 993 F.2d 257, 258–59 (D.C. Cir. 1993)). Accordingly, Plaintiff's claim for punitive damages, and any claim he may bring for attorneys' fees, may not proceed.

### C.   Defendant Gill

Defendants' final argument is that the case should be dismissed as to Defendant Gill on the ground that agencies, not their employees, are the only proper parties in FOIA actions. ECF 11-1, at 5–6 (citing *Cunningham v. U.S. Dep't of Just.*, 961 F. Supp. 2d 226, 239–40 (D.D.C. 2013)). The Court agrees. FOIA only authorizes district courts to "enjoin the *agency* from withholding agency records" and does not make any provision for suits against agency employees. 5 U.S.C. § 552(a)(4)(B) (emphasis added). Because FOIA "concern[s] the obligations of agencies as distinct from individual employees in those agencies," "no cause of action exists" as to putative individual defendants. *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006). Though Plaintiff argues that FOIA allows a district court to "punish for contempt" an employee responsible for "noncompliance with the order of the court," ECF 13, at 3 (citing 5 USC § 552(a)(4)(g)), the Court has not here issued any order that Defendants have failed to comply with, and so this provision is inapplicable. Defendant Gill will be dismissed from this action.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part, while Plaintiff's motion for leave to file a surreply is **DENIED** as moot.

A separate implementing Order will issue.

Dated: March 18, 2025                                             /s/
                                                              Brendan A. Hurson
                                                              United States District Judge